YAZOO & M. V. R. R. COMPANY *v.* H. B. ADEN.

[64 South. 790.]

TRIAL. *Instructions.   Evidence.   Railroads.*

   Where plaintiff boarded a railroad train when he was not entitled to take passage on such train, at a point where it was not its custom to stop to take on passengers, in a suit for personal injury from being ejected from the train by the defendant's train auditor, which ejectment was denied by the auditor, an instruction was erroneous which told the jury that if they believed that it was defendant's custom to take passengers from the station where plaintiff boarded the train when it stopped there, then plaintiff was entitled to passage on that train and the jury should find for him.

Appeal from the circuit court of Sharkey county.

Hon. H. C. Mounger, Judge.

Suit by H. B. Allen against the Yazoo & Mississippi Valley Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Mayes & Mayes, for appellant.*

Plaintiff's second instruction is as follows: "The court instructs the jury that if they believe from the evidence it was the custom of the defendant's train to take passengers from Valley Park station when said train stopped there, then the plaintiff has a right to passage on that train and the jury will find for the plaintiff and assess such damages as have been proven, not to exceed ten thousand dollars."

The court will here see that the jury are instructed to find for the plaintiff, provided only they believe from the evidence that it was the custom of defendant's train to take passengers from Valley Park station. That was all. The instruction eliminates everything else. It eliminates all consideration of the question whether the train auditor was actually within the scope of his employment; all consideration of the question whether it was a mere accident; all consideration of any other question that arose in the case; and turned the whole thing on the simple and isolated proposition as to whether it was the custom of the railroad company to allow passengers to get on that train at Valley Park. It was practically a peremptory instruction for the plaintiff, with that exception only; and we must submit that it was clear error in the court to give it. The jury ought, in that instruction, to have been required to find the other elements necessary to make up a case of liability. It is elementary that when an instruction undertakes to state the conditions on which a jury must find a verdict, it must state all the necessary conditions, if such an instruction winds up with a charge to the jury to find a verdict.

*McLaurin & Thames,* for appellee.

The second instruction granted for the appellee is complained of by counsel for the appellant because they say that it eliminated from the consideration of the jury the question whether the train auditor was acting within the scope of his employment. We have sufficiently answered that contention, we think. They also complain that it eliminated from the consideration of the jury the question as to whether it was a mere accident. We think we have sufficiently answered that suggestion above. They say that it eliminated all consideration of any other question that arose in the case. We do not know of any other question that arose in the case, and counsel indicate none. They say that the effect was to grant a peremptory instruction for the appellee, provided only they believed that it was the custom of defendant's train to take passengers from Valley Park when the train stopped there. We find no objection to that instruction. If it was the custom of the train when it stopped at Valley Park to take passengers from that station (and there is abundant testimony in the record to show that it did take passengers when the train stopped there) then it is true as a matter of law that Mr. Aden had a right to take passage on that train.

COOK, J., delivered the opinion of the court.

H. B. Aden, appellee, sued the Yazoo & Mississippi Valley Railroad Company, appellant, for damages inflicted on him by the negligent act of the train auditor, who, it is alleged, shoved him off one of appellant's passenger trains. The jury returned a verdict for plaintiff, assessing his damages at four thousand dollars.

The evidence for plaintiff tended to show that plaintiff boarded a train standing in front of the station at Valley Park for the purpose of taking passage to Vicksburg. After he had boarded the train, he went down on the bottom step of the platform to give some final·direc-

tions to an employee. While talking to this person the auditor came behind him, slapped him on the shoulder, and shoved him off the train, at the same time telling him he could not ride on that train, but could take a train which would reach Valley Park in a short time. Plaintiff says he was seriously injured. The auditor testified that he did not touch Mr. Aden at all, merely told him that he could not ride on that train, and that, if plaintiff was injured at all, it was not caused by any act of his.

The evidence discloses that the train in question, when running on its regular schedule, did not stop at Valley Park; but for some time preceding the event the train had taken the place of the train scheduled to stop at this station, on account of an overflow caused by a crevasse in the levees of the Mississippi river. The evidence warrants the conclusion that the regular train for this station resumed its run on the day before this occurrence, and the train which plaintiff got on was no longer taking on passengers at this station. Plaintiff boarded the train on the side away from the station, the door on the station side being closed. It is shown, however, that this train had before this time, and while there was no overflow, stopped at Valley Park, and passengers boarding same had been permitted to ride thereon to Vicksburg. The defense was that the plaintiff's version of what happened had no foundation in fact.

In this state of the record, the court instructed the jury, at plaintiff's request, as follows: "The court instructs the jury that, if they believe from the evidence it was the custom of defendant's train to take passengers from Valley Park station when said train stopped there, then the plaintiff had a right to passage on that train, and the jury will find for the plaintiff, and assess such damages as have been proven, not to exceed ten thousand dollars." It will be seen that this is a peremptory instruction to find for plaintiff, if the jury "believed from the evidence it was the custom of defendant's train

to take passengers from Valley Park station when said train stopped there.''

Under this instruction the jury was required to find for plaintiff, although they might believe from the evidence that the train auditor did not touch plaintiff. Besides, we do not believe the evidence warranted a belief that "it was the custom" for this train to take on passengers at that station. At the most, it could only be said on several occasions passengers had been permitted to take passage at the station of Valley Park. Moreover, there is nothing in the evidence to warrant a finding that plaintiff had a right to passage on the train.

Several instructions were given for defendant, and other instructions than the one above quoted were granted for plaintiff, which we do not deem it necessary to consider, because the instruction quoted cannot be made to harmonize with any of the other instructions, but, on the contrary, is in direct conflict with all, and is fatally erroneous.

*Reversed and remanded.*